UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                Case No:  6:16-cr-123-CEM-GJK

MICHAEL MORGAN DIETCH,

        Defendant.

_____

REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR RETURN OF PROPERTY (Doc. No. 71)** |
| **FILED:** | **January 11, 2021** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED.**

I.    <u>**BACKGROUND.**</u>

On August 16, 2012, during the execution of a federal search warrant at the residence of Michael Morgan (the "Movant"), agents seized $6,053.00 in cash (the "Funds") and a Blackberry cell phone (the "Phone") that contained evidence of

Movant's crimes. Doc. No. 75 at 2, 5 n. 4.[1]  On October 11, 2012 written notice of the seizure and forfeiture proceeding (the "Notice") was sent to Movant at Volusia County Jail but was returned indicating that he had been released or transferred. Doc. No. 75 at 2-3. On October 11, 2012 the Notice was sent via certified mail to Movant's residence in Port Orange, Florida but was returned to sender. *Id.* at 3. On December 13, 2012 the Notice was again sent via first class mail to Movant's residence in Port Orange and was again returned to sender. On December 13, 2012 the Notice was sent to Movant's parent's home, which was accepted. *Id.* at 4. Following this acceptance, the DEA sent the Notice to a different residential address of Movant in Port Orange which, like the others, was returned to sender. Following the mailed Notices, the DEA published notice of the seizure and its intent to forfeit the currency in the *Wall Street Journal* on three days for three consecutive weeks in 2012. On February 28, 2013 the currency was forfeited to the

---

[1] Mr. Dietch is defined as the "Movant" herein because a Rule 41(g) motion filed after all criminal proceedings have terminated is treated as a civil action pursuant to the Court's inherent and/or "anomalous" jurisdiction. *See United States v. Martinez*, 241 F.3d 1329, 1330-31 (11th Cir. 2001) (district court has equitable jurisdiction over motion to return property filed after criminal proceedings have terminated); *United State v. Castro*, 883 F.2d 1018, 1020 (11th Cir. 1989) (explaining that court's power to fashion an equitable remedy on a motion for return of property arises from the court's "anomalous jurisdiction"); *Hunsucker v. Phinney*, 497 F.2d 29, 32-33 (5th Cir. 1974) (recognizing court's exceptional "anomalous jurisdiction" to return property or fashion equitable remedy even in the absence of an express statutory grant of authority and quoting *Lord v. Kelley*, 223 F.Supp. 684 (D. Mass. 1963) (coining the phrase "anomalous jurisdiction")).

United States because no properly executed claim was received by the deadline in the notices. *Id.* at 4.

On January 11, 2021, more than eight years later, Movant filed a motion for Return of Property (the "Motion") pursuant to Rule 41(g), Federal Rules of Criminal Procedure.  Doc. No. 71.  On March 4, 2021 the United States filed its Response to Defendant's Motion for Return of Property (the "Response"). Doc. No. 75. On May 17, 2021, Movant filed a Reply to the United States: Response to His Motion for Return of Property (the "Reply"). Doc. No. 81.

## II.    THE MOTION AND RESPONSE.

In his initial filing, pursuant to Rule 41(g), Federal Rules of Criminal Procedure, Movant requests an order directing the United States to return the Funds and the Phone.  Doc. No. 71 at 1-2.  In Movant's Reply to the United States, Movant contends that he did not receive actual notice of the forfeiture proceedings with respect to the currency and that such attempts at notice did not satisfy his due process rights.  Doc. No. 81.

In the Response, the Government argues that the Motion should be denied for several reasons.   First, the Government generally contends that 18 U.S.C. § 983 is the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute, which Movant failed to argue in the Motion. Doc. No. 75 at 6-7. Second, the Government maintains that any due process challenge to

forfeiture is now time-barred under section 983(e)(3). *Id.* at 8. Third, the Government argues that the DEA provided adequate notice of the forfeiture of the currency. Fourth, as to the Phone, the Government generally contends that Movant has failed to meet his burden under *Richey v. Smith*, 515 F.2d 1239 (5th Cir. 1975), and the Court should decline to exercise its equitable jurisdiction over the Motion.[2]  In support and in compliance with this Court's prior orders (Doc. No. 77), the Government has submitted detailed reports, notices of seizure, forfeiture judgments, and affidavits.  Doc. Nos. 75-1 – 75-3.[3]

## IV.  **ANALYSIS.**

As an initial matter, the Court notes there is no evidence suggesting the Government displayed a callous disregard for Movant's constitutional rights, or that Movant lacks an adequate remedy at law.  *See* Doc. No. 75.  Moreover, Movant waited over eight (8) years to seek equitable relief.  *See* Doc. No.  95 at 4. *See In re 67,470.00*, 901 F.2d at 1545 ("It is inappropriate for a court to exercise equitable jurisdiction to review the merits of a forfeiture matter when the petitioner elected to forego the procedures for pursuing an adequate remedy at law."). Thus, as a threshold matter, the Defendant has failed to come forth with any evidence

---

[2] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11 t h Cir. 1981) (adopting as binding precedent all prior decisions of the former Fifth Circuit handed down before October 1, 1981).

warranting the exercise of the Court's anomalous jurisdiction, and the Defendant's delay in seeking to invoke such equitable jurisdiction weighs heavily against the Defendant.  For those reasons and the reason set forth below as to the specific property at issue, the undersigned recommends that the Motion (Doc. No. 71) be denied.

A. **The Funds.**

The Funds, which was seized from the residence at the time of Movant's arrest has been administratively forfeited to the United States pursuant to 19 U.S.C. § 1609.  Doc. Nos. 75 at 6-7; 75-1. "It is well-settled that the proper method for recovery of property which has been subject to civil forfeiture is not the filing of a [Rule 41(g)] Motion, but filing a claim in the civil forfeiture action."  *United States v. Castro*, 883 F.2d 1018, 1019 (11th Cir. 1989).  *See also Valderrama v. United States*, 417 F.3d 1189, 1195-96 (11th Cir. 2005) (a motion to set aside forfeiture under 18 U.S.C. § 983(e) is the "exclusive remedy" to challenge an administrative forfeiture).   Rule 1(a)(5)(B), clearly provides that the Federal Rules of Criminal Procedure, do not govern "a civil property forfeiture for violating a federal statute."  *Id*.  Thus, Movant may not proceed under Rule 41(g).

While the Court lacks jurisdiction to review the merits of the administrative or nonjudicial forfeiture decisions, district courts retain the authority to entertain constitutional challenges to administrative forfeitures. *VanHorn v. Florida*, 677 F.

Supp. 2d 1288, 1294 n.11 (M.D. Fla. 2009). Assuming the Court could construe the Motion as being brought under 18 U.S.C. § 983(e), as Claimant requests the Court to do in their Reply, it would still fail. "In cases subject to § 983(e), the movant must show both 1) that the government knew or reasonably should have known of his interest in the forfeited property yet failed to take reasonable steps to notify him and 2) that he did not know or have reason to know of the property's seizure within sufficient time to file a timely claim. . . ." *United States v. Lopez*, 2012 WL 3827365, at *1 (S.D. Ala. Sept. 4, 2012).   In this case, although the Movant claims that he never received actual notice of the forfeiture proceedings (*see* Doc. No. 92 at 2), "[d]ue process does not require that a property owner receive actual notice before the government may take his property." *Jones v. Flowers*, 547 U.S. 220, 226 (2006).   Instead, due process requires notice that is "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them the opportunity to present their objections." *Dusenbery v. United States*, 534 U.S. 161, 170-71 (2002). Further, while actual notice may defeat a claim of insufficient notice, "the actual knowledge required to defeat a notice-based due process challenge is advance notice-in-fact of forfeiture proceedings, as opposed to notice-in-fact of seizure." *Vanhorn*, 677 F. Supp. 2d at 1294 n.11 (citing *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 38 (1st Cir. 2001)

Here, although the DEA was aware that their attempts to provide Movant notice of the forfeiture proceedings by way of certified mail and/or first class mail to the Volusia County Jail and several of Movant's residences had failed, they took numerous reasonable subsequent measures to attempt to notify Movant of the pending forfeiture. Notably, the DEA mailed the notice to Movant's parent's home, which was not returned undeliverable, and they published notice multiple times in a newspaper circulated in Florida. These steps were reasonably calculated to notify Movant of the forfeiture proceedings.[4]

Accordingly, it is recommended that the Court **DENY** the Motion (Doc. No. 71).

**A. The Phone.**

Rule 41(g), Federal Rules of Criminal Procedure, provides:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized.  The court must receive evidence on any factual issue necessary to decide the motion.  If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

_____

[4] Because this Court finds that the DEA's notice attempts satisfied Movant's due process rights, it is not necessary to reach the DEA's statute of limitation's arguments. *See* 18 U.S.C. § 983(e)(2).

Fed. R. Crim. P. 41(g) (emphasis added).  A motion for return of property that is brought after criminal proceedings have terminated is treated as a civil action arising under the Court's inherent equitable authority and/or its "anomalous jurisdiction" over those individuals who are officers of the Court. *Supra* note 1.

Courts have stressed that the exercise of such anomalous jurisdiction should be limited and not routine.  *Richey*, 515 F.2d at 1245; In Re $67,470.00, 901 F.2d 1540, 1544 (11th Cir. 1990) ("The decision to invoke equitable jurisdiction is highly discretionary and must be exercised with caution and restraint.").  In determining whether to exercise its anomalous or equitable jurisdiction under Rule 41(g), courts consider the following non-exhaustive factors: 1) whether the federal agents displayed "a callous disregard for the constitutional rights" of the movant; 2) whether the movant has a possessory interest in the property; 3) whether the movant would be irreparably injured without the return of the property; and 4) whether the movant has an adequate remedy at law.  *Richey*, 515 F.2d at 1243-44 (5th Cir. 1975).  "Enveloping all of these factors are the basic equitable considerations of whether the petitioner's conduct and the merits of his position require judicial review to prevent manifest injustice."  *In Re $67,470.00*, 901 F.2d at 1545.  Thus, courts also consider such factors as whether the movant has clean hands and laches before determining whether to exercise jurisdiction over a Rule 41(g) motion.  See *United States v. Howell*, 425 F.3d 971, 974 (11th Cir. 2003)

(declining to invoke jurisdiction under Rule 41(g) where movant did not have clean hands).

Here, there is no evidence of callous disregard for Movant's constitutional rights, Movant's conduct which includes more than eight years delay since the Phone was seized, Movant's unclean hands, latches as well as Movant's failure to support his allegation of irreparable harm all weigh heavily in favor of denying the Motion.  Accordingly, it is RECOMMENDED that the Motion (Doc. No. 71) be DENIED

## V.    <u>CONCLUSION</u>.

Based on the forgoing, it is **RECOMMENDED** that the Motion be **DENIED.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**The Clerk is directed to send a copy of this report and recommendation to Movant by Certified Mail**.

**RECOMMENDED** in Orlando, Florida on August 23, 2021.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Presiding District Judge
Unrepresented parties by certified mail