UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**UNITED STATES OF AMERICA**

       **Plaintiff,**

v.                                                      Case No: 6:16-cr-123-CEM-GJK

**MICHAEL MORGAN DIETCH**

       **Defendant.**

_____/

# ORDER

THIS CAUSE is before the Court on Defendant's *pro se* Motion for Return of Property ("Motion," Doc 71), the United States' Response (Doc. 75), and Defendant's Reply (Doc. 81). United States Magistrate Judge Gregory J. Kelly issued a Report and Recommendation ("R&R," Doc. 84), recommending that the Motion be denied. (*Id.* at 1, 9). Defendant filed a Notice of Intent to File Objections (Doc. 86) followed by an Objection (Doc. 87).

## I.    BACKGROUND

In 2016, Defendant was charged by Indictment (Doc. 1) with eighteen counts of knowingly and intentionally dispensing and distributing a number of Schedule II and Schedule IV substances outside the usual course of professional practice and for other than legitimate medical purposes in violation of 21 U.S.C. § 841(a)(1). (*Id.* at

1–2). Pursuant to a Plea Agreement (Doc. 32), Defendant entered guilty pleas to unlawfully dispensing Hydrocodone in Count One, unlawfully dispensing Oxycodone and Hydromorphone in Count Three, and unlawfully dispensing Fentanyl and Oxycodone in Count Seven. (Min. Entry, Doc. 33, at 1). On January 12, 2017, the Court imposed concurrent 135-month sentences as to each count. (Judgment, Doc. 45, at 2). Defendant is currently incarcerated at Coleman Low Federal Correctional Institution. https://www.bop.gov/inmateloc/ (last visited Oct. 14, 2021).

By the instant Motion, Defendant seeks return of property seized from his apartment as part of the underlying case, including "[a] Blackberry cell phone and . . . approximately $6,300.00 in cash."[1] (Doc. 71 at 1–2). As noted above, the Magistrate Judge recommends that the Motion be denied, and Defendant has filed an Objection. The Court will address each of Defendant's objections to the R&R.

## II.    LEGAL STANDARD

Pursuant to 28 U.S.C. § 636(b)(1), when a party makes a timely objection, the Court shall review *de novo* any portions of a magistrate judge's report and recommendation concerning specific proposed findings or recommendations to which an objection is made. *See also* Fed. R. Crim. P. 59(b)(3). *De novo* review

---

[1] The United States indicates that the amount of cash seized from Defendant was $6,053.00. (Rashid Decl., Doc. 75-1, at 2).

"require[s] independent consideration of factual issues based on the record." *Jeffrey S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990) (per curiam). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

### III.   ANALYSIS

#### A.   Timeliness of Motion under Rule 41(g)

Defendant first "objects to any purported notion that he may have 'elected' to 'delay' filing his Motion," (Doc. 87 at 3), arguing that Federal Rule of Criminal Procedure 41(g) contains no statute of limitations and that Defendant did not delay in filing the Motion.

Rule 41(g) provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return" by filing a motion "in the district where the property was seized."

While Defendant brought his Motion under Rule 41, as explained in the R&R, Rule 41 does not govern as to the cash. Rather, "[i]t is well-settled that the proper method for recovery of property which has been subject to civil forfeiture is not the filing of a [Rule 41(g)] Motion, but filing a claim in the civil forfeiture action" pursuant to 18 U.S.C. § 983(e). (Doc. 84 at 5 (quoting *United States v. Castro*, 883 F.2d 1018, 1019 (11th Cir. 1989)). Therefore, this objection will be overruled to the extent that it applies to the cash.

To the extent that Rule 41 may apply to a request for return of the phone, the R&R explains that the Court would decline to exercise this "limited" "anomalous jurisdiction" based on a number of factors, only one of which was Defendant's eight-year delay in filing the Motion. (Doc. 84 at 8). Furthermore, Defendant readily acknowledges that he "became aware of the possibility of forfeitures . . . in July, 2016" and "the details of any specific forfeitures . . . on October 28, 2016," (Doc. 87 at 7–8), which means that even if there was not an eight-year delay in Defendant's Motion, there was still at least a five-year delay. (*See also id.* at 8 (conceding that Defendant filed the Motion at least "fifty-three . . . months after having become aware that his property may have been forfeited")). Therefore, this objection will also be overruled to the extent that it applies to the phone.

**B.      Construing Motion as Being Brought Under 18 U.S.C. § 983(e)**

Next, Defendant "objects to the Court '[a]ssuming [it] could construe the Motion as being brought under 18 U.S.C. § 983(e)'" instead of under Rule 41. (Doc. 87 at 4). By this objection, Defendant does not seem to take issue with the Court considering the Motion pursuant to 18 U.S.C. § 983 but instead contends that the Court improperly couched this analysis in the language of an assumption rather than just construing the Motion as being brought under the statute. This objection will be overruled as moot because the R&R contains a full analysis presuming that

Defendant could proceed under the statute and explaining why the Motion still fails. (*See* Doc. 84 at 6–7).

      C.    **Notice of Forfeiture**

As to the substantive analysis of 18 U.S.C. § 983(e) conducted by the Magistrate Judge, Defendant objects to the Magistrate Judge's finding that the U.S. Drug Enforcement Administration ("DEA") "took numerous reasonable subsequent measures to attempt to notify [Defendant] of the pending forfeiture." (Doc. 84 at 7).

As explained in the R&R, "[i]n cases subject to § 983(e), the movant must show both 1) that the government knew or reasonably should have known of his interest in the forfeited property yet failed to take reasonable steps to notify him and 2) that he did not know or have reason to know of the property's seizure within sufficient time to file a timely claim. . . ." (Doc. 84 at 6 (quoting *United States v. Lopez*, 2012 WL 3827365, at *1 (S.D. Ala. Sept. 4, 2012)).

Defendant's objection contends that he has demonstrated that both prongs of this test are satisfied. However, Defendant's argument regarding notice is mooted by his concession in the Objection that he "became aware of the possibility of forfeitures . . . in July, 2016" and "the details of any specific forfeitures . . . on October 28, 2016," (Doc. 87 at 7–8), and did not file the instant Motion until at least "fifty-three . . . months after having become aware that his property may have been forfeited," (*id.* at 8). Therefore, Defendant, by his own admission, has failed to

demonstrate "that he did not know or have reason to know of the property's seizure within sufficient time to file a timely claim." *Lopez*, 2012 WL 3827365, at *1. Because both prongs must be satisfied, the Court need not address the remainder of this objection, which will be overruled.

### D. Non-Exhaustive Factors

Finally, Defendant objects to the Magistrate Judge's recommendation for denial of the Motion under Rule 41(g), as to the phone, based on the factors set forth in *Richey v. Smith*, 515 F.2d 1239 (5th Cir. 1975).[2]

As explained in the R&R, *Richey* sets forth a list of "non-exhaustive factors" for a court to consider "[i]n determining whether to exercise its anomalous or equitable jurisdiction under Rule 41(g)": "1) whether the federal agents displayed 'a callous disregard for the constitutional rights' of the movant; 2) whether the movant has a possessory interest in the property; 3) whether the movant would be irreparably injured without the return of the property; and 4) whether the movant has an adequate remedy at law." (Doc. 84 at 8 (quoting *Richey*, 515 F.2d at 1243–44)). However, Courts may also consider additional factors such "as whether the movant has clean hands and laches before determining whether to exercise jurisdiction over a Rule

---

[2] Cases decided by the Fifth Circuit prior to October 1, 1981 are binding on this Court. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

41(g) motion." (*Id.* (citing *United States v. Howell*, 425 F.3d 971, 974 (11th Cir. 2003)).

Defendant's argument as to the first factor is that his Due Process rights were violated; this argument is premised on the same bases as those asserted in Defendant's previous objections. However, as explained above, Defendant's first three objections will be overruled. Therefore, to the extent that Defendant relies on the success of his first three objections to satisfy the first factor, his argument fails. Based on this factor alone, it is appropriate for the Court, in its discretion, to refuse to exercise its anomalous jurisdiction based on the *Richey* factors and the other factors discussed in the R&R, such as Defendant's delay in filing the Motion and "unclean hands," (*id.* at 9). *In Re $67,470.00*, 901 F.2d 1540, 1544 (11th Cir. 1990) ("The decision to invoke equitable jurisdiction is highly discretionary and must be exercised with caution and restraint."). Therefore, the Court need not address the remainder of this objection, which will be overruled.

## IV. CONCLUSION

After review in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Criminal Procedure 59, and considering Defendant's Objection, the Magistrate Judge's recommended disposition is accepted. Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendant's Objection (Doc. 87) is **OVERRULED**.

2. The Report and Recommendation (Doc. 84) is **ADOPTED** and made a part of this Order.

3. Defendant's *pro se* Motion for Return of Property (Doc 71) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on October 15, 2021.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party